## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTORIA MARTIN** | : | CIVIL ACTION |
| 67 Mill Drive | : | |
| Levittown, Pennsylvania  19056 | : | |
| | : | |
| v. | : | |
| | : | NO. |
| | : | |
| **TRUMP HOTELS & CASINO RESORTS, INC.** | : | |
| Huron & Brigantine Blvd. | : | |
| Atlantic City, NJ 08401 | : | |
| | : | |
| and | : | |
| | : | |
| **TRUMP CASTLE ASSOCIATES, L.P.** | : | |
| **D/B/A TRUMP MARINA HOTEL CASINO** | : | |
| Huron & Brigantine Blvd. | : | |
| Atlantic City, NJ 08401 | : | COMPLAINT |

1.      Plaintiff, Victoria Martin, is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at the above captioned address.

2.      Defendant, Trump Hotels & Casino Resorts Inc. (hereinafter "THCR") , is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey and doing business in the State of New Jersey with an office located at the above address.

3.      Defendant, Trump Castle Associates, Inc. d/b/a Trump Marina Hotel Casino (hereinafter "Castle"), is a limited partnership duly organized and existing under and by virtue of the laws of the State of New Jersey and doing business in the State of New Jersey with an office located at the above address.

4.      Jurisdiction in this matter is based upon U.S.C. §1332(a)(1).

5. The amount in controversy does exceed $75,000.00 exclusive of interest and costs.

6. At all times material hereto, defendant, THRC, regularly conducts business in the Commonwealth of Pennsylvania and is subject to personal jurisdiction therein.

7. At all times material hereto, defendant, Castle, regularly conducts business in the Commonwealth of Pennsylvania and is subject to personal jurisdiction therein.

8. At all times material hereto, defendants, THRC and Castle, were the agent, servant and/or subsidiary of each other respective defendant acting then and there in the course and scope of said relationship and under the direct control and/or right of control of each other respective defendant.

9. At all times material hereto, defendants, THRC and Castle, were acting by and through their respective agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control or right of control of the defendants.

10. At all times material hereto, defendant, THRC, was the owner and in possession and control of a hotel casino including its furniture, chairs and other related items located at Huron and Brigantine Boulevards, Atlantic City, New Jersey (hereinafter referred to as "premises").

11. At all times material hereto, defendant, Castle, was the owner and in possession and control of a hotel casino including its furniture, chairs and other related items located at Huron and Brigantine Boulevards, Atlantic City, New Jersey (hereinafter referred to as "premises").

12. On or about December 11, 2000, at or about 3:10 p.m., plaintiff, Victoria Martin, was a lawful business invitee on defendant's premises.

13. At the time and place as aforementioned, plaintiff, Victoria Martin, was acting reasonably and carefully while on defendant's premises when suddenly and without plaintiff, Victoria Martin, was caused to

fall as a result of a negligently maintained and defective condition on defendant's premised, including but not limited to a broken and/or defective chair, as a result she sustained serious, painful, permanent, personal injuries.

    14. The negligence of the defendants consisted of the following:

        (a)    Failing to adequately maintain the said premises including said chair;

        (b)    Failing to properly inspect the said premises including said chair;

        (c)    Failing to properly repair the said premises including said chair;

        (d)    Failing to warn plaintiff;

        (e)    Failing to take steps to provide for the safety of business invitees such as plaintiff, Victoria Martin;

        (f)    Failing to provide plaintiff with a safe and adequate passageway for business invitees such as plaintiff herein;

        (g)    Permitting a highly dangerous condition to exist for an unreasonable length of time;

        (h)    Failing to perform duties which it had assumed;

        (i)    Failing to use due care under the circumstances;

        (j)    Being guilty of willful, wanton and reckless misconduct; and

        (k)    Being otherwise careless and negligent under the circumstances.

15. The accident aforementioned was caused by the negligence of the defendants herein, their respective agents, servants and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff herein.

16. At all times material hereto, the aforesaid premises including said chair were maintained by the defendants herein, their respective agents, servants and/or employees who were then and there acting in the course and scope of their employment with and under the direct control of the defendants.

17. As a result of the accident aforementioned, plaintiff, Victoria Martin, sustained multiple injuries, including, but not limited to, strains of her shoulders, hips, back and knees as well as other injuries to her head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to her nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

18. As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

19. As a further result of defendants' negligence as aforesaid, plaintiff, Victoria Martin, has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

20. As a result of this accident, plaintiff has suffered an injury which may be permanent, irreparable and severe.

21. As a further result of the defendants' negligence, plaintiff was unable to attend to her daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future.

22. As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so grievously injured.

23. As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which defendant is liable.

WHEREFORE, plaintiff demand judgment against the defendants, jointly and severally, in an amount not in excess of the jurisdictional amount requiring submission to Arbitration.

WAPNER, NEWMAN, WIGRIZER & BRECHER

BY: _____
ROBERT S. MILLER
Attorney for Plaintiff